UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALECIA PETRA LAMONT,<br><br>                       Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                       Defendant. | CASE NO. C15-0077-RSM-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

      Plaintiff Alecia Petra Lamont proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

      Plaintiff was born on XXXX, 1973.[1] She has a GED and has no prior work experience.

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

(AR 199-200.)

Plaintiff protectively filed an application for SSI on March 30, 2012, alleging disability beginning June 1, 2006. (AR 169-75, 195.) Her application was denied at the initial level and on reconsideration, and she requested a hearing. (AR 97-104, 108-18.)

On June 19, 2013, ALJ Verrell Dethloff held a hearing, taking testimony from Plaintiff. (AR 44-66.) On July 3, 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR 19-39.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 23, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not worked after the alleged onset date. (AR 21.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's disorder of the parathyroid gland, asthma, migraines, affective disorder, anxiety disorder, and obesity. (*Id*.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21-23.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. § 416.967(b), but she must avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dusts, gases, and poor ventilation. She can understand simple directions, and can perform simple, repetitive tasks. She will function best in work situations in which her exposure to others, including the general public and co-workers, is limited to brief interactions of a superficial nature. (AR 23-34.)

Given that Plaintiff has no past relevant work, the ALJ proceeded to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ applied the Medical-Vocational Guidelines to find Plaintiff not disabled. (AR 35-38.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred (1) at step two by failing to include obstructive sleep apnea, chronic fatigue syndrome, pain disorder, and personality disorder as severe impairments, and in failing to consider the limitations caused by those impairments when assessing Plaintiff's

REPORT AND RECOMMENDATION
PAGE - 3

RFC; (2) at step three in assessing Plaintiff's thyroid disorder and asthma, and failed to properly consider Plaintiff's impairments in combination; (3) in assessing Plaintiff's credibility; and (4) in assessing the opinions of treating physician Richard McClenahan, M.D., and examining providers Anselm Parlatore, M.D., and Kerry Bartlett, Ph.D.[2]  The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

Step Two

Plaintiff argues that the ALJ erred by failing to include obstructive sleep apnea (OSA), chronic fatigue syndrome (CFS), pain disorder, and personality disorder as severe impairments, and that this error was harmful because the ALJ failed to consider the limitations caused by those impairments when assessing Plaintiff's RFC.  The ALJ's decision explains why he found Plaintiff's OSA to be non-severe, but the ALJ did not mention CFS, pain disorder, or personality disorder diagnoses.  (AR 21.)  The Court will discuss each disputed diagnosis in turn.

Legal Standards

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities.  *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(b), 416.921(b).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)

---

[2] Plaintiff also argues that the ALJ erred at step five in relying on the Medical-Vocational Guidelines.  Dkt. 13 at 1, 18.  Because the Court finds error in the ALJ's step-two findings and RFC assessment, as explained *supra*, the Court need not address whether the ALJ's step-five findings are erroneous, because they will need to be reconsidered on remand.

(quoting Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985)).

OSA and CFS

The erroneous exclusion of an impairment at step two can be harmless if the ALJ considers the limitations caused by the excluded impairment when assessing the claimant's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). The Commissioner argues that even if the ALJ erred in failing to include OSA and CFS as severe impairments at step two, this error was harmless because "[t]hese conditions can be expected to cause similar symptoms, namely fatigue," as Plaintiff's parathyroid disorder and obesity, which the ALJ did find severe. Dkt. 14 at 3. The Commissioner cites no authority for this proposition, and neither the Commissioner nor this Court possesses the relevant medical expertise to evaluate the veracity of this statement.

Furthermore, although the Commissioner suggests that the ALJ properly considered Plaintiff's fatigue symptoms when assessing her RFC, the ALJ's decision does reference Plaintiff's complaints of fatigue, but discounts these complaints because her "exam findings are normal and she is generally noted to be well-developed, well-nourished, and in no acute distress [AR 524]." The treatment note cited by the ALJ does not support his conclusion, because Plaintiff did not complain of fatigue during that appointment; during other appointments, Plaintiff complained of fatigue or sleep-related problems. (*See, e.g.*, AR 323-25, 415-17, 420-22, 426-29, 435-37.) It is not clear what "exam findings" the ALJ expected to see regarding Plaintiff's fatigue; Plaintiff's doctors noted her fatigue complaints and documented their attempts to suggest solutions. *Id*. The ALJ appears to have considered Plaintiff's fatigue complaints to be thyroid-related (AR 27 (… [D]espite multiple visits, [Plaintiff] made limited complaints of symptoms related to her thyroid problem[.]")), even though her doctors did not. *See, e.g.*, AR 428, 437.

REPORT AND RECOMMENDATION
PAGE - 5

Thus, it appears that the ALJ's error with regard to OAS and CFS was not harmless, because the ALJ discounted Plaintiff's fatigue complaints as in excess of the evidence related to her thyroid condition, when the evidence instead shows that her doctors believed that Plaintiff's fatigue was not related to her thyroid because it persisted even once her thyroid condition had stabilized. *See, e.g.*, AR 437. On remand, the ALJ shall reconsider evidence related to Plaintiff's OAS and CFS, as well as her testimony about fatigue.

Pain Disorder and Personality Disorder

Plaintiff was diagnosed with pain disorder and a personality disorder by an examining psychologist. (AR 273.) The ALJ did not mention these diagnoses, but did address the limitations described in the psychologist's opinion report. (AR 33.) Thus, the ALJ's failure to discuss the pain disorder and personality disorder diagnoses at step two is harmless. *Lewis*, 498 F.3d at 911.

## Step Three

As described above, the ALJ considers at step three whether one or more of a claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. The Listing of Impairments describes specific impairments of each of the major body systems "'which are considered severe enough to prevent a person from doing any gainful activity.'" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 404.1525).

Plaintiff argues that the ALJ assessed her thyroid condition and asthma under the incorrect listings. The Commissioner implicitly concedes that the ALJ did address the wrong listings, but argues that this error is harmless because Plaintiff acknowledged that she does not contend that she would have met or medically equaled the correct listings. *See* Dkt. 14 at 5.

The Court agrees. Plaintiff's reply to the Commissioner's argument makes clear that she

does not allege a harmful error based on the ALJ's reliance on the wrong listings for physical impairments at step three, but instead challenges the ALJ's assessment of the paragraph B criteria, which amounts to a challenge to the ALJ's assessment of certain medical opinions. Dkt. 15 at 7-8. Thus, the Court will address the Plaintiff's challenge to the medical opinions in a later section, *infra*.

## Credibility

The ALJ discounted Plaintiff's credibility because her daily activities — including personal grooming, meal preparation, household chores, reading, watching television, listening to music, crafts-related hobbies, half-hour walks three or four times per day, and caring for her disabled son as his sole caregiver — were inconsistent with her allegations of disabling impairments, and the medical records do not establish the existence of any "twelve-month period of disabling impairments[,]" and instead show that her conditions are "well-controlled with medication, and can easily be accommodated in the world of work." (AR 25-26.) The ALJ also described "several other inconsistencies throughout the record that further cast doubt on the claimant's credibility[,]" specifically Plaintiff's testimony that she cannot go anywhere by herself, which was contradicted by medical records showing she attended "numerous" appointments by herself, and her testimony that she experienced leg spasms every night, which was contradicted by her report to doctors that she occasionally experienced leg spasms at night. (AR 30-31 (citing AR 341, 440).)

An ALJ's reasons to discount a claimant's credibility must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Plaintiff challenges the ALJ's findings related to her daily activities, arguing that the activities cited do not contradict her allegations or demonstrate skills transferable to a work setting, and thus do not undermine her

REPORT AND RECOMMENDATION
PAGE - 7

credibility.  Dkt. 13 at 16-17.  Plaintiff also argues that the ALJ erred in analyzing the medical records, because the ALJ only considered whether records related to her severe impairments corroborated her allegations, and ignored evidence related to conditions erroneously rejected at step two.  Dkt. 13 at 13-14.  She further argues that the ALJ mischaracterized the record when finding that her migraines were controlled by over-the-counter medication.  Dkt. 13 at 15-16.

Plaintiff does not specifically challenge the portion of the ALJ's reasoning related to inconsistencies between her hearing testimony and the remainder of the record.  *See* Dkt. 14 at 6 (Commissioner's brief noting that part of the ALJ's credibility findings were not challenged).  The unchallenged portion of the ALJ's decision constitutes a clear and convincing reason to discount Plaintiff's credibility, because the ALJ identified specific portions of Plaintiff's testimony that were inconsistent with other specific parts of the record.  *See Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains.").  This clear and convincing reason supports the ALJ's adverse credibility determination, even assuming that the ALJ's other reasons are erroneous.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

The ALJ may, however, revisit the credibility findings on remand in light of the reconsideration of the step-two findings, given that some of the ALJ's credibility findings (specifically related to fatigue) are intertwined with erroneous step-two findings, as explained *supra*.  (AR 27-28.)

/ / /

REPORT AND RECOMMENDATION
PAGE - 8

Medical Opinion Evidence

Plaintiff contends that the ALJ erred in assessing opinions provided by Drs. McClenahan, Parlatore, and Bartlett. The Court will address each disputed opinion in turn.

Legal Standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

A.   Dr. McClenahan

The ALJ rejected a January 2012 opinion provided by Plaintiff's treating physician, Dr. McClenahan. (AR 265-67.) The ALJ found that the opinion was not sufficiently explained, and it did not appear that Dr. McClenahan had performed a physical examination to inform his opinion. (AR 33.) The ALJ also found that the treatment plan mentioned in Dr. McClenahan's

opinion was vague and "not helpful in analyzing the claimant's abilities." (*Id*.) The ALJ further rejected Dr. McClenahan's April 2013 interrogatories (AR 552), finding them unexplained and unsupported. (AR 33.)

These reasons are specific and legitimate. Dr. McClenahan's form opinions do not explain the basis for most of the limitations he indicates. (AR 265-67, 552.) An ALJ is entitled to discount an opinion that is conclusory and unexplained, even if it is provided by a treating physician. *Thomas*, 278 F.3d at 957. Thus, the ALJ did not err in discounting Dr. McClenahan's opinions.

B.   Dr. Parlatore

Dr. Parlatore examined Plaintiff in June 2012, and opined that she had several marked limitations in her mental functioning. (AR 440-44.) Dr. Parlatore also completed form interrogatory opinions nearly a year later, regarding the limitations caused by Plaintiff's post-traumatic stress disorder and anxiety disorders. (AR 502-05.)

The ALJ discounted Dr. Parlatore's June 2012 opinion report, specifically rejecting his conclusions that Plaintiff "could not perform activities within a schedule, maintain regular attendance, or complete a normal workday[,]" and that her social and adaptation functioning were "markedly affected[.]" (AR 31-32 (citing AR 443).) First, the ALJ found that Dr. Parlatore's opinion was based on a one-time examination conducted for the purpose of establishing benefits. (AR 32.) The ALJ also found that Dr. Parlatore's opinion was "primarily based" on Plaintiff's self-report, which was not entirely credible. (*Id*.) The ALJ noted that Dr. Parlatore's report indicates that Plaintiff's difficulties are "likely situational[,]" caused by the demands of caring for her autistic son. (AR 32 (citing AR 443).) Finally, the ALJ noted that Dr. Parlatore's conclusions were inconsistent with his findings on examination, related to Plaintiff's

intact memory, ability to perform concentration tasks and follow instructions, and her good insight and judgment. (AR 32.)

The ALJ indicated that he discounted Dr. Parlatore's later interrogatory opinions for "similar reasons," namely that the interrogatories were checkbox forms without any explanation or support, and were rendered almost a year after the examination, and were inconsistent with the record. *Id.*

Plaintiff's briefing alleges that the ALJ erred in discounting Dr. Parlatore's opinions, but does not address the reasons provided by the ALJ for discounting Dr. Parlatore's opinions. *See* Dkt. 13 at 17-18. By failing to address the ALJ's findings as to Dr. Parlatore's opinions, Plaintiff failed to identify error in the ALJ's decision. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to be accompanied by reasons."). Accordingly, the Court will not disturb the ALJ's findings as to Dr. Parlatore's opinions.

C.      Dr. Bartlett

Dr. Bartlett completed a DSHS form psychological opinion in February 2012, opining that Plaintiff could not "function with any predictability on a day-to-day basis due to her psychiatric and medical concerns." (AR 271.) Dr. Bartlett also opined that Plaintiff had difficulties with social interactions and performance pressure. (*Id*.) In May 2013, Dr. Bartlett completed interrogatory form opinions regarding Plaintiff's functional limitations. (AR 553-61.)

The ALJ gave "minimal weight" to Dr. Bartlett's February 2012 opinion and the interrogatory opinions, finding that they were rendered after limited contact initiated for the purpose of establishing benefits. (AR 33.) The ALJ also found that Dr. Bartlett relied on Plaintiff's self-report, which was not entirely credible. (*Id*.) The ALJ found Dr. Bartlett's

REPORT AND RECOMMENDATION
PAGE - 11

indicated limitations to be inconsistent with Plaintiff's daily activities, namely her ability to act as the sole caregiver for her autistic son. (*Id.*) The ALJ also noted that Dr. Bartlett's interrogatories were not explained. (*Id.*)

Plaintiff's opening brief does not address the rationale provided by the ALJ for discounting Dr. Bartlett's opinions, and thus fails to establish error in the ALJ's analysis. Dkt. 13 at 17-18. On reply, Plaintiff raises challenges to the ALJ's assessment of Dr. Bartlett's opinions for the first time. Dkt. 15 at 4-5. Because Plaintiff did not identify an error in the ALJ's reasons for discounting Dr. Bartlett's opinions in her opening brief, the Court will not disturb the ALJ's findings as to Dr. Bartlett's opinions. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived."); *Indep. Towers of Wash.*, 350 F.3d at 929.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ should reconsider the step-two findings related to obstructive sleep apnea and chronic fatigue syndrome, as well as Plaintiff's testimony about her fatigue, and shall reconsider the RFC assessment and any other affected portions of the decision as necessary.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

1  **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will

2  be ready for consideration by the District Judge on **July 17, 2015**.

3  DATED this 1st day of July, 2015.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 13